1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  EVERETTE BUFF,                    )  Civil No. 11-CV-0372 RBB
                                      )
12              Petitioner,           )  **ORDER GRANTING RESPONDENT'S**
                                      )  **MOTION TO DISMISS PETITION FOR**
13  v.                                )  **WRIT OF HABEAS CORPUS [ECF No.**
                                      )  **8]**
14  L. MCEWAN, WARDEN,                )
                                      )
15              Respondent.           )
    ——————————————————————————————————)
16

17      Petitioner Everette Buff, a state prisoner proceeding pro se

18  and in forma pauperis, filed a Petition for Writ of Habeas Corpus

19  with exhibits on February 22, 2011, pursuant to 28 U.S.C. § 2254

20  [ECF Nos. 1, 5].  In his Petition, Buff consented to magistrate

21  judge jurisdiction.  (Pet. 16, ECF No. 1.)[1]  In ground one, he

22  argues that his state-appointed attorney introduced "false, forged,

23  and altered evidence" at his parole suitability hearing.  (Id. at

24  6.)  Buff claims that this evidence denied him his right to be

25  present at the hearing, which ultimately caused the parole board to

26  accept a five-year parole stipulation that Buff did not authorize.

27  _____

28      [1]  Because the pages in the Petition are not consecutively
    paginated, the Court will cite to it using the page numbers
    assigned by the electronic case filing system.

                              1                        11cv0372RBB

1  (Id. at 9-10.)  As a result, Petitioner contends his Fourteenth

2  Amendment right to due process was violated.  (Id. at 6.)  In

3  ground two, Buff argues that the California Court of Appeal

4  decision did not acknowledge the "due process implications" of his

5  appointed attorney's actions and the parole board's subsequent

6  decision to keep Buff in custody.  (Id. at 11.)

7      The Court dismissed the case without prejudice and with leave

8  to amend for Petitioner's failure to pay the five-dollar filing fee

9  or submit an application to proceed in forma pauperis [ECF No. 3].

10 On February 28, 2011, Buff filed a motion to proceed in forma

11 pauperis, and the case was reopened [ECF No. 4].

12     Respondent Leland McEwan filed a Motion to Dismiss Petition

13 for Writ of Habeas Corpus, along with a Memorandum of Points and

14 Authorities and a Notice of Lodgment on May 2, 2011 [ECF Nos. 8,

15 9].  McEwan argues that Buff's Petition should be dismissed because

16 it is barred by the one-year statute of limitations set forth in 28

17 U.S.C. § 2244(d).  (Mot. Dismiss Attach. #1 Mem. P. & A. 3, ECF No.

18 8.)  On May 6, 2011, Respondent filed a Notice, Consent, and

19 Reference of a Civil Action to a Magistrate Judge [ECF No. 10].

20 The Petitioner did not file an opposition to Respondent's Motion to

21 Dismiss.

22     The Court has reviewed the Petition and Respondent's Motion to

23 Dismiss and attachments.  Although Civil Local Rule 7.1(f) provides

24 that the failure to oppose a motion may constitute consent to

25 granting the motion, this Court will evaluate the merits of

26 Respondent's arguments.  S.D. Cal. Civ. R. 7.1(f)(3)(c).  For the

27 reasons stated below, the Motion to Dismiss is **GRANTED**.

28

11cv0372RBB

# I.  FACTUAL BACKGROUND

On October 5, 1984, a jury found Buff guilty of first-degree murder, and he was sentenced to twenty-five years to life in prison. (Pet. 1-2, ECF. No. 1; See Lodgment No. 6, In re Buff, No. D057345, slip op. at 1 (Cal. Ct. App. June 9, 2010).)  On January 29, 2009, the Board of Parole Hearings ("BPH") held a hearing on Buff's suitability for release on parole, at which Buff was represented by his state-appointed attorney. (Lodgment No. 4, In re Buff, No. EHC01327 (Cal. Super. Ct. Apr. 19, 2010) (order denying petition for writ of habeas corpus at 1); Lodgment No. 6, In re Buff, No. D057345, slip op. at 1.)  Buff contends that he told his attorney that he wished to temporarily postpone the hearing because Petitioner was unprepared. (Lodgment No. 6, In re Buff, No. D057345, slip op. at 1.)  Petitioner alleges that, instead, his attorney presented forged documents to the parole board that indicated that Buff was stipulating to another five years of incarceration. (Id.)  At the hearing, the BPH accepted the stipulation, making Buff ineligible for parole for five additional years. (Pet. Attach. #1 Ex. E, at 18, ECF No. 1.)

# II.  PROCEDURAL BACKGROUND

On February 1, 2010, Buff filed a petition for writ of habeas corpus in the Imperial County Superior Court, which was denied on March 2, 2010. (Lodgment No. 1, Buff v. Small, No. EHC01293 (Cal. Super. Ct. filed Feb. 1, 2010) (petition for writ of habeas corpus at 1); Lodgment No. 2, In re Buff, No. EHC01293 (Cal. Super. Ct. Mar. 2, 2010) (order denying petition for writ of habeas corpus at 1-2).)  He refiled his petition on March 22, 2010, in the same court, and it was denied again on April 19, 2010. (Lodgment No. 3,

1   <u>Buff v. Small</u>, No. EHC01327 (Cal. Super. Ct. filed Mar. 22, 2010)

2   (petition for writ of habeas corpus at 1); Lodgment No. 4, <u>In re</u>

3   <u>Buff</u>, No. EHC01327 (order denying petition for writ of habeas

4   corpus at 1-2).)  Next, Buff filed a habeas petition in the

5   California Court of Appeal for the Fourth District, Division One;

6   it was denied on June 9, 2010.  (Lodgment No. 5, <u>Buff v. McEwan</u>,

7   No. D057345 (Cal. Ct. App. filed May 17, 2010) (petition for writ

8   of habeas corpus at 1); Lodgment No. 6, <u>In re Buff</u>, No. D057345,

9   slip op. at 1-2).  On June 28, 2010, he filed a petition for habeas

10  corpus relief in the California Supreme Court, which was denied on

11  January 26, 2011.  (<u>See</u> Lodgment No. 7, <u>In re Buff</u>, No. S183998

12  (Cal. filed June 28, 2010) (petition for writ of habeas corpus at

13  1); Lodgment No. 8, http://appellatecases.courtinfo.ca.gov(select

14  "Supreme Court"; then enter supreme court case number).  Buff filed

15  his Petition for Writ of Habeas Corpus in this Court on February

16  22, 2011 [ECF No. 1].

17                    **III.  STANDARD OF REVIEW**

18      Buff's Petition is subject to the Antiterrorism and Effective

19  Death Penalty Act (AEDPA) of 1996 because it was filed after April

20  24, 1996.  28 U.S.C.A. § 2244 (West 2006); <u>Woodford v. Garceau</u>, 538

21  U.S. 202, 204 (2003) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320, 326

22  (1997)).  AEDPA sets forth the scope of review for federal habeas

23  corpus claims:

24          The Supreme Court, a justice thereof, a circuit
        judge, or a district court shall entertain an application
25      for a writ of habeas corpus in behalf of a person in
        custody pursuant to the judgment of a State court only on
26      the ground that he is in custody in violation of the
        Constitution or laws of the United States.

27

28

4

28 U.S.C.A. § 2254(a) (West 2006); <u>see also</u> <u>Reed v. Farley</u>, 512 U.S. 339, 347 (1994); <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991).

To present a cognizable federal habeas corpus claim, a state prisoner must allege his conviction was obtained in violation of the Constitution or laws of the United States. 28 U.S.C.A § 2254(a). In other words, a petitioner must allege the state court violated his federal constitutional rights. <u>Hernandez</u>, 930 F.2d at 719; <u>Jackson v. Ylst</u>, 921 F.2d 882, 885 (9th Cir. 1990); <u>Mannhald v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988). Petitions challenging a parole board's decision also fall under the umbrella of habeas review. <u>Swarthout v. Cooke</u>, 562 U.S. __, 131 S.Ct. 859, 860 (2011) ("If the Board denies parole, the prisoner can seek judicial review in a state habeas petition.")

A federal district court does "not sit as a 'super' state supreme court" with general supervisory authority over the proper application of state law. <u>Smith v. McCotter</u>, 786 F.2d 697, 700 (5th Cir. 1986); <u>see also</u> <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990) (holding that federal habeas courts must respect state court's application of state law); <u>Jackson</u>, 921 F.2d at 885 (concluding federal courts have no authority to review a state's application of its law). Federal courts may grant habeas relief only to correct errors of federal constitutional magnitude. <u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395, 1399 (9th Cir. 1989) (stating that federal courts are not concerned with errors of state law unless they rise to the level of a constitutional violation).

1    In 1996, Congress "worked substantial changes to the law of

2  habeas corpus." <u>Moore v. Calderon</u>, 108 F.3d 261, 263 (9th Cir.

3  1997).  Amended section 2254(d) now reads:

4           An application for a writ of habeas corpus on behalf
         of a person in custody pursuant to the judgement of a
5        State court shall not be granted with respect to any
         claim that was adjudicated on the merits in State court
6        proceedings unless the adjudication of the claim --

7           (1)  resulted in a decision that was contrary to, or
         involved an unreasonable application of, clearly
8        established Federal law, as determined by the
         Supreme Court of the United States; or
9
            (2)  resulted in a decision that was based on an
10       unreasonable determination of the facts in light of
         the evidence presented in the state court
11       proceeding.

12  28 U.S.C.A § 2254(d).

13    The Supreme Court, in <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003),

14  stated that "AEDPA does not require a federal habeas court to adopt

15  any one methodology in deciding the only question that matters

16  under section 2254(d)(1) -- whether a state court decision is

17  contrary to, or involved an unreasonable application of, clearly

18  established Federal law."  <u>Id.</u> at 71 (citation omitted).  A federal

19  court is therefore not required to review the state court decision

20  de novo, but may proceed directly to the reasonableness analysis

21  under § 2254(d)(1).  <u>Id.</u>

22    The "novelty" in § 2254(d)(1) is "the reference to 'Federal

23  law, as determined by the Supreme Court of the United States.'"

24  <u>Lindh v. Murphy</u>, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), <u>rev'd</u>

25  <u>on other grounds</u>, 521 U.S. 320 (1997) (emphasis in original

26  deleted).  Section 2254(d)(1) "explicitly identifies only the

27  Supreme Court as the font of 'clearly established' rules."  (<u>Id.</u>)

28  "[A] state court decision may not be overturned on habeas corpus

6

11cv0372RBB

1  review, for example, because of a conflict with Ninth Circuit-based

2  law." <u>Moore</u>, 108 F.3d at 264.  "[A] writ may issue only when the

3  state court decision is 'contrary to, or involved an unreasonable

4  application of,' an authoritative decision of the Supreme Court."

5  <u>Id.</u> (citing <u>Childress v. Johnson</u>, 103 F.3d 1221, 1224-26 (5th Cir.

6  1997); <u>Devin v. DeTella</u>, 101 F.3d 1206, 1208 (7th Cir. 1996); <u>see</u>

7  <u>Baylor v. Estelle</u>, 94 F.3d 1321, 1325 (9th Cir. 1996)).

8       Furthermore, with respect to the factual findings of the trial

9  court, AEDPA provides:

10          In a proceeding instituted by an application for a
            writ of habeas corpus by a person in custody pursuant to
11          the judgement of a State court, a determination of a
            factual issue made by a State court shall be presumed to
12          be correct.  The applicant shall have the burden of
            rebutting the presumption of correctness by clear and
13          convincing evidence.

14  28 U.S.C.A. § 2254(e)(1).

15                        **IV.  DISCUSSION**

16       Petitioner seeks habeas relief on two grounds.  In ground one,

17  he alleges that the introduction of "false, forged and altered

18  evidence" at his parole hearing resulted in a five-year

19  unsuitability finding.  (Pet. 6, ECF. No 1.)  This deprived him of

20  his due process rights under the Fourteenth Amendment.  (<u>Id.</u>)  In

21  particular, Buff claims he was scheduled to appear before the BPH

22  to determine if he was suitable for parole on January 29, 2009.

23  (<u>Id.</u>; <u>see also</u> Lodgment No. 4, <u>In re Buff</u>, No. EHC01327 (order

24  denying petition for writ of habeas corpus at 1); Lodgment No. 6,

25  <u>In re Buff</u>, No. D057345, slip op. at 1.)[2]  Petitioner contends he

26  wrote a letter to the BPH on January 4, 2009, inquiring whether he

27  _____

28       [2]  At some places in Buff's Petition, he alleges the hearing
    took place on January 27, 2009; at others, January 29, 2009.  (<u>See</u>
    <u>id.</u> at 6-10.)

                                    7

would be appointed an attorney for the parole hearing.  (Pet. 6
(citing id. Attach. #1 Ex. A, at 2), ECF No. 1.)  Buff asserts that
one week before the hearing, his appointed attorney, Philip Osula,
met with Petitioner and advised him to forego the hearing because
Buff was "not prepared."  (Id.)

     Petitioner alleges that on January 27, 2009, he was escorted
from his cell to meet with Osula prior to the scheduled parole
hearing.  (Id. at 7.)  During the meeting, Buff claims Osula handed
him a "BPH 1001(a) form" to complete.  (Id.)  Buff checked the
section marked "Postpone Hearing" and wrote that the reasons were
due to "No Access to Paperwork, Not Enough Time to Confer With
Attorney."  (Id.)  He noticed that several boxes on the form had
already been checked by someone else.  (Id. (citing id. Attach. #1
Ex. D, at 11).)  Specifically, the section entitled, "Not Suitable
for Parole," was checked off.  (Id. (citing id. Attach. #1 Ex. D,
at 11).)  Buff maintains that he told Osula that Petitioner was not
agreeing to the five-year unsuitability stipulation; he only wanted
the hearing postponed.  (Id. at 7-8.)

     According to Petitioner, during the hearing, Osula stipulated
to a five-year unsuitability for parole, against Buff's
instructions.  (Id. (citing id. Attach. #1 Ex. E, at 16-17).)  The
Petitioner asserts Osula agreed to the stipulation and stated that
Buff "[r]ecognizes the fact he's not ready for parole and he's
definitely not suitable.  He needs more time to be disciplinary
free, get-participate in self-help groups, get a v[o]cation and
[Buff] believes that five years would be sufficient for him to do
so."  (Id. (citing id. Attach. #1 Ex. E, at 18).)

When Buff received the 1001(a) form back, he claims it had been altered even further.  (Id.)  "Prisoner elects to stipulate to 5 years of unsuitability" had been added, followed by the initials "P.O."  (Id. (citing id. Attach. #1 Ex. D, at 11).)

Petitioner alleges that his due process rights were violated when Osula altered the form and falsely represented to the panel that Buff was waiving his right to be present at the hearing.  (Id. at 9 (citing id. Attach. #1 Exs. D at 11, E at 16).)  Osula intentionally misled the BPH and deprived Petitioner of his right to participate at the parole hearing.  (Id. at 10.)  The Petitioner alleges that because he never waived his right to be present at the hearing, "[d]ue process demands a new hearing . . . . "  (Id.)

In ground two, Petitioner challenges the California Court of Appeal's decision to deny his state habeas petition.  (Id. at 11.)  Buff asserts that the court of appeal failed to acknowledge the "due process implications" of Osula's actions and the Board's subsequent decision to deny Buff parole.  (Id.)  "Petitioner did not authorize the state appointed attorney to waive his presence at the hearing nor his right to speak and to present evidence [o]n his behalf."  (Id. at 12.)  Additionally, the Petitioner contends that Osula falsified the BPH 1001(a) form, which ultimately led to the Board's acceptance of the five-year stipulation.  (Id.)  Accordingly, Buff argues that his due process rights were violated.  (Id.)

Respondent McEwan moves to dismiss the Petition as barred by the one-year statute of limitations set forth 28 U.S.C. § 2244(d).  (Mot. Dismiss Attach. #1 Mem. P. & A. 3, ECF No. 8.)  Respondent claims that the BPH informed Buff of the five-year stipulated

1   denial by letter, dated February 18, 2009. (<u>Id.</u> (citing Pet.

2   Attach. #1 Ex. B, at 4, ECF No. 1).)  McEwan acknowledges that Buff

3   claims he did not become aware of the stipulation until April of

4   2009. (<u>Id.</u>)  Respondent alleges that "even based on this date,

5   Buff's Petition was filed after the statute of limitations." (<u>Id.</u>)

6   "Assuming Buff discovered the five-year denial on May 1, 2009, he

7   was required to file his petition on May 1, 2010." (<u>Id.</u> at 3-4.)

8   Yet, he filed his Petition on February 16, 2011, "656 days after he

9   allegedly became aware of the five-year denial." (<u>Id.</u> at 4.)

10  Finally, Respondent alleges that neither statutory nor equitable

11  tolling is available. (<u>Id.</u> at 4-5.)

12  **A.   <u>The One-Year Statute of Limitations</u>**

13      McEwan maintains that Buff's Petition is barred by AEDPA's

14  one-year statute of limitations and should be dismissed. (Mot.

15  Dismiss Attach. #1 Mem. P. & A. 3, ECF No. 8.)  The statute of

16  limitations for federal habeas corpus petitions is set forth in

17  AEDPA. As amended, § 2244(d) provides:

18          (1)  A 1-year period of limitation shall apply to an
            application for a writ of habeas corpus by a person in
19          custody pursuant to the judgment of a State court.  The
            limitation period shall run from the latest of --
20
            (A)  the date on which the judgment became
21          final by the conclusion of direct review or the
            expiration of the time for seeking such review;
22
            (B)  the date on which the impediment to filing an
23          application created by State action in violation of
            the Constitution or laws of the United States is
24          removed, if the applicant was prevented from filing
            by such State action;
25
            (C)  the date on which the constitutional right
26          asserted was initially recognized by the Supreme
            Court, if the right has been newly recognized by the
27          Supreme Court and made retroactively applicable to
            cases on collateral review; or
28

1           (D)  the date on which the factual predicate of the
            claim or claims presented could have been discovered
2           through the exercise of due diligence.

3  28 U.S.C.A. § 2244(d)(1).

4       The one-year statute of limitations in 28 U.S.C. § 2244(d)(1)

5  applies to habeas petitions challenging denial of parole, and

6  beings to run the day after an inmate receives notice of the parole

7  board's decision.  Redd v. McGrath, 343 F.3d 1077, 1082, 1084-85

8  (9th Cir. 2003); Watson v. Woodford, 247 F. App'x 938, 939 (9th

9  Cir. 2007) (same); see also Shelby v. Bartlett, 391 F.3d 1061, 1066

10 (9th Cir. 2004) (holding that limitations period for challenging

11 disciplinary order begins to run the day after receiving notice of

12 the denial of inmate's appeal).

13      The parole hearing took place on January 29, 2009, and a

14 letter was sent to Buff on February 18, 2009, alerting him of the

15 five-year parole stipulation.  (See Pet. Attach. #1 Ex. B, at 4,

16 ECF No. 1.)  Despite this letter, Buff alleges he "first became

17 aware of the facts in support of [his] claim . . . on or about

18 April 2009."  (Id. Attach. #1 Ex. C, at 8.)  Assuming Petitioner

19 received notice on April 30, 2009, the statute of limitations would

20 have begun to run on May 1, 2009.  See Redd, 343 F.3d at 1084

21 (explaining that the one-year statute of limitations under AEDPA

22 begins to run the day after an inmate learned of the parole board's

23 decision).  The one-year statute of limitations would have expired

24 on April 30, 2010.  See Patterson v. Stewart, 251 F.3d 1243, 1245-

25 46 (9th Cir. 2001) (quoting Fed. R. Civ. P. 6(a)) ("In computing

26 any amount of time prescribed or allowed . . . by any applicable

27 statute, the day of the act, event, or default from which the

28 designated period of time runs shall not be included.")  Buff filed

1  his federal Petition almost a year later, on February 22, 2011.

2  (Pet. 1, ECF No. 1.)  Therefore, unless he is entitled to

3  sufficient statutory or equitable tolling, his claims are barred by

4  AEDPA's statute of limitations.

5      **1.  Statutory Tolling**

6      Respondent McEwan argues that Buff is not entitled to

7  statutory tolling of the limitation period.  (Mot. Dismiss Attach.

8  #1 Mem. P. & A. 4, ECF No. 8.)  McEwan maintains that the state

9  superior court denied Buff's habeas petition because it was not

10  filed within a reasonable time.  (Id. (citing Lodgment No. 2, In re

11  Buff, No. EHC01293 (order denying petition at 1-2)).)  The

12  Respondent notes that Buff filed "another improper, successive

13  petition" with the superior court and then with the state court of

14  appeal; both were deemed untimely.  (Id. (citing Lodgment No. 4,

15  In re Buff, No. EHC01327 (order denying petition for writ of habeas

16  corpus at 1-2); Lodgment No. 6, In re Buff, No. D057345, slip op.

17  at 1-2).)  Respondent alleges, "A petitioner is not entitled to

18  tolling if his petition is denied as untimely by the California

19  courts."  (Id. (citing Pace, 544 U.S. at 417).)  McEwan concludes

20  that because Buff is not entitled to statutory tolling, the statute

21  of limitations expired on May 1, 2009.  (Id.)

22      In his Petition, Buff does not include any facts that suggest

23  statutory tolling applies, and he has not opposed Respondent's

24  Motion to Dismiss.  (See Pet. 6-12, ECF  No. 1.)

25      The statute of limitations period under AEDPA is tolled during

26  periods in which a petitioner is properly seeking collateral review

27  of a pending state court judgment.  Specifically, 28 U.S.C. §

28  2244(d) states, "The time during which a properly filed application

for State post-conviction or other collateral review with respect
to the pertinent judgment or claim is pending shall not be counted
toward any period of limitation under this subsection."  28
U.S.C.A. § 2244(d)(2); see also Pace v. DiGuglielmo, 544 U.S. 408,
410 (2005).  "[A]n application is 'properly filed' when its
delivery and acceptance are in compliance with the applicable laws
and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8
(2000) (explaining that typical filing requirements include all
relevant time limits).  "When a postconviction petition is untimely
under state law, 'that [is] the end of the matter' for purposes of
§ 2244(d)(2)." Pace, 544 U.S. at 414 (quoting Carey v. Saffold,
536 U.S. 214, 226 (2002)); see also Zepeda v. Walker, 581 F.3d
1013, 1018 (9th Cir. 2009).

      The interval between the disposition of one state petition and
the filing of another may be tolled under "interval tolling."
Carey, 536 U.S. at 223.  "[T]he AEDPA statute of limitations is
tolled for 'all of the time during which a state prisoner is
attempting, through proper use of state court procedures, to
exhaust state court remedies with regard to a particular post-
conviction application.'" Nino v. Galaza, 183 F.3d 1003, 1006 (9th
Cir. 1999) (quoting Barnett v. Lamaster, 167 F.3d 1321, 1323 (10th
Cir. 1999)); see also Carey, 536 U.S. at 219-22.  The statute of
limitations is tolled from the time a petitioner's first state
habeas petition is filed until state collateral review is
concluded, but it is not tolled before the first state collateral
challenge is filed.  Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir.
2007) (citing Nino, 183 F.3d at 1006).

13

Even if Buff did not learn the result of his parole hearing before April 30, 2009, the statute of limitations in his case began to run on May 1, 2009.  Yet, he did not file his first state habeas petition until February 1, 2010, and it was denied as untimely on March 2, 2010.  (Lodgment No. 1, <u>Buff v. Small</u>, No. EHC01293 (petition for writ of habeas corpus at 1); Lodgment No. 2, <u>In re Buff</u>, No. EHC01293 (order denying petition at 1-2) ("Petitioner has waited almost a year to file his petition after notice of his waiver.  Petitioner failed to raise his claims in a timely fashion").)  Buff filed another habeas petition in superior court, which was also denied on April 19, 2010.  (Lodgment No. 3, <u>Buff v. Small</u>, No. EHC01327 (petition for writ of habeas corpus at 1); Lodgment No. 4, <u>In re Buff</u>, No. EHC01327 (order denying petition for writ of habeas corpus at 1-2) ("The petition is denied as a repetitive petition that does not allege a change in the applicable facts or law.").)  A subsequent habeas petition filed with the appellate court was also denied as untimely.  (<u>See</u> Lodgment No. 6, <u>In re Buff</u>, No. D057345, slip op. at 1-2 ("Buff's petition is clearly untimely.").)  Because Buff's state habeas petitions were not "properly filed," he is not eligible for statutory tolling under § 2244(d)(2).  <u>See</u> <u>Pace</u>, 544 U.S. at 417.

Interval tolling only applies to petitions that are "properly" filed in state court.  28 U.S.C. § 2244(d)(2); <u>Nino</u>, 183 F.3d at 1006.  Petitions that are untimely are not "properly" filed.  <u>Pace</u>, 544 U.S. at 417.  Because Buff's state petitions were untimely, interval tolling is not available.  (<u>See</u> Lodgment No. 2, <u>In re Buff</u>, No. EHC01293 (order denying petition at 1-2); Lodgment No. 4, <u>In re Buff</u>, No. EHC01327 (order denying petition for writ of habeas

corpus at 1-2); Lodgment No. 6, In re Buff, No. D057345, slip op. at 1; Pace, 544 U.S. at 417.

**2. Equitable Tolling**

Equitable tolling of the statute of limitations is appropriate when "'extraordinary circumstances beyond a prisoner's control make it impossible'" to file a timely petition.  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Brambles v. Duncan, 330 F.3d 1197, 1202 (9th Cir. 2003)); see also Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003).  "[A] litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace, 544 U.S. at 418 (citations omitted); see also Lawrence v. Florida, 549 U.S. 327, 335 (2007); Rouse v. U.S. Dep't of State, 548 F.3d 871, 878-79 (9th Cir. 2008); Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

"'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000). The failure to file a timely petition must be the result of external forces, not the result of the petitioner's lack of diligence.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Determining whether equitable tolling is warranted is a 'fact-specific inquiry.'"  Spitsyn, 345 F.3d at 799 (quoting Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)).

McEwan argues that Petitioner has not demonstrated that extraordinary circumstances beyond his control made it impossible

to file his Petition on time.  (Mot. Dismiss Attach. #1 Mem. P. &
A. 4, ECF No. 8.)  Respondent dismisses Buff's contention that it
took a year to find an inmate to draft his first state court
petition as insufficient to entitle Buff to equitable tolling.
(<u>Id.</u> at 5.)  Petitioner is a layperson unlearned in the law.  (<u>Id.</u>
(citing Pet. Attach. #1 Ex. C, at 8, ECF No. 1).)  Yet, McEwan
argues, "Most inmates are 'laypersons unlearned in the law.'"
(<u>Id.</u>)   Accordingly, McEwan maintains, the federal habeas Petition
should be dismissed.  (<u>Id.</u>)

      Buff alleges he initially "did not appreciate the legal
significance" of the events that occurred at his parole hearing.
(Pet. Attach. #1 Ex. C, at 8, ECF No. 1.)  In April of 2009,
another prisoner alerted Buff that he had a potential claim; he
realized he should "seek assistance in challenging the parole
board's finding."  (<u>Id.</u> Attach. #1 Ex. C, at 8-9.)  Petitioner
claims he "exhausted every avenue available to [him] at Calipatria
. . . to find an inmate who was qualified and willing to assist
[him] with the appropriate legal challenge to the board's findings
and [his] attorney's acts or omissions."  (<u>Id.</u> Attach. #1 Ex. C, at
9.)  Buff asserts he was unable to obtain assistance until January
of 2010, when another inmate agreed to prepare the Petition on
Buff's behalf.  (<u>Id.</u> Attach. #1 Ex. C, at 9.)

      "[I]t is well settled that inexperience and ignorance of the
law are insufficient to constitute extraordinary circumstances[]"
to justify equitable tolling.  <u>Furr v. Small</u>, No. CV 08-6870 ODW
(FMO), 2009 WL 1598419, at *5 (C.D. Cal. June 4, 2009) (citations
omitted); <u>see also</u> <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th
Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication

16

is not, by itself, an extraordinary circumstance warranting equitable tolling."); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) ("Ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); Hines v. Runnell, 2003 U.S. Dist. LEXIS 7662 at *6 (N.D. Cal. Apr. 30, 2003); Fisher v. Ramirez-Palmer, 219 F. Supp. 2d 1076, 1081 (E.D. Cal. 2002).

The Petitioner argues that because he lacks a legal education, he was initially unaware that he could state a habeas claim, and when he understood that he had a viable claim, Buff was unable to draft the Petition himself. (Pet. Attach. #1 Ex. C, at 8.) These statements do not establish extraordinary circumstances. Buff's "lack of legal sophistication" is not enough to entitle him to equitable tolling. Raspberry v. Garcia, 448 F.3d at 1154.

### V.   CONCLUSION

Because he is not entitled to statutory or equitable tolling, Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus as barred by AEDPA's one-year statute of limitations is **GRANTED.**

Dated: August 11, 2011

RUBEN B. BROOKS
United States Magistrate Judge

cc:  All parties of record